UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANGELA RAE PALMER,

Plaintiff,

v.

Case No. 26-cv-2124-pp

FRANK J. BISIGNANO,

Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3)**

---

On November 16, 2026, the plaintiff filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also has filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective the December 1, 2023, #14). To allow a plaintiff to proceed without prepaying the filing fee, the court must first determine whether the plaintiff can pay the fee; if not, the court then must determine whether the lawsuit is frivolous. 28 U.S.C. §1915(a), (e)(2)(B)(i).

Based on the plaintiff's statements in the motion, the court concludes that she does not have the ability to pay the filing fee. The plaintiff states that

she is unemployed and unmarried. Dkt. No. 3 at 1. She has a seventeen-year-old son, and it appears that her son receives $1,086 in Social Security disability income each month. Id. at 1-2. She receives FoodShare benefits. Id. at 2. The plaintiff pays $346 in rent and other household expenses. Id. at 2-3. She owns a car valued at approximately $1,200. She has a bank account with a balance of approximately $32. Id. at 3.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she was denied benefits by the Commissioner, that she is disabled and that the decision to deny her benefits is not supported by substantial evidence and is contrary to law. Dkt. No. 1 at 1-2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 17th day of November, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**